UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MONSERRATE MARTINEZ-FIGUERORA, | ) ) ) | Case No.: 1:16 CV 2544 |
| Plaintiff | ) ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) ) ) | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) ) | |
| Defendant | ) | ORDER |

The Commissioner of Social Security Administration ("Commissioner") denied Supplemental Security Income to Plaintiff Monserrate Martinez-Figuerora ("Plaintiff" or "Ms. Martinez-Figuerora"), in the above-captioned case. Plaintiff's application alleged that she was disabled due to the following conditions: arthritis; anxiety; osteoporosis; high blood pressure; respiratory problems; gastritis; back, knee, and hip pain; anemia; sleep problems; asthma; and memory loss.

Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge George J. Limbert ("Magistrate Judge" or "Judge Limbert") for preparation of a Report and Recommendation ("R & R"). Both parties submitted briefs on the merits. Plaintiff requested an order reversing the Commissioner's decision on the basis that the Administrative Law Judge's ("ALJ") residual functional capacity ("RFC") finding and determination at Step Five of the Sequential Evaluation, that Plaintiff could perform light work with certain limitations, were not

supported by substantial evidence. Ms. Martinez-Figuerora contended that the ALJ erred by failing to properly account for her non-exertional mental impairments through speed- and pace-based restrictions in the RFC determination. Specifically, Ms. Martinez-Figuerora asserted that, although the ALJ assigned considerable weight to the opinions of state agency physiological consultants, Dr. Karen Terry and Dr. Paul Tangeman, the ALJ did not explain why all of the limitations suggested by these consultants were not adopted. Ms. Martinez-Figuerora also challenged the ALJ's reliance on the Vocational Expert's ("VE") testimony that Ms. Martinez-Figuerora could perform the jobs of laundry folder, cafeteria attendant, and vending machine attendant. She argued that the ALJ's RFC findings restricting Plaintiff to only occasionally reaching overhead preclude performance of the jobs identified by the VE because those jobs require frequent overhead reaching according to the *Dictionary of Occupational Titles* ("DOT"). The Commissioner sought final judgment upholding the decision below.

Judge Limbert submitted his R & R (ECF No. 17) on December 27, 2017, concluding that the court should affirm the Commissioner's final decision. Specifically, Judge Limbert found that Plaintiff's argument regarding the need for additional RFC limitations lacked merit because, contrary to Plaintiff's assertions, the ALJ did not assign considerable weight to the opinions of Dr. Terry and Dr. Tangeman. (R & R at 17.) Instead, Judge Limbert determined from the record that the ALJ assigned only partial weight to Dr. Terry and Dr. Tangeman's opinions. (*Id*.) Additionally, Judge Limbert found that the ALJ relied on the facts in the record before him when making the RFC determination. (*Id*.) With respect to the VE testimony regarding the jobs that the Plaintiff could perform, the Magistrate Judge found that the ALJ's conclusion at Step Five was supported by substantial evidence. Judge Limbert explained that specific requirements for jobs identified by the

VE are not grounds for an apparent conflict. (*Id*. at 18.) Citing *Beinlich v. Comm'r Soc Sec.*, 345 Fed. App'x. 163, 168-69 (6th Cir 2009), the Magistrate Judge explained that the ALJ is not required to follow the DOT and satisfies her obligations by asking the VE whether there are discrepancies between the VE's opinions and the DOT standards. Judge Limbert noted that in the present case, the ALJ satisfied her obligations and that Plaintiff's counsel failed to question the VE regarding any discrepancy between the DOT and the VE's testimony. (R & R at 18.)

As of the date of this Order, Plaintiff has not filed objections to the Magistrate Judge's R & R. By failing to file objections, Plaintiff has waived the right to appeal the Magistrate Judge's recommendation. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). After careful review of Judge Limbert's R & R, and all other relevant documents in the record, the court finds no clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note; *Arn*, 474 U.S. at 150 ("It does not appear that Congress intended to require the district court review of a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Thus, the court adopts as its own Judge Limbert's R & R (ECF No. 17.) In the alternative, the court finds that, even upon *de novo* review, Magistrate Judge Limbert's findings are well-taken, and adopts as its own his R & R for the reasons stated in the R & R. The court hereby affirms the Commissioner's final decision.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

January 26, 2018